**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Cary VanDerMeulen,

            Plaintiff,

v.

Charles L. Ryan, et al.,

            Defendants.

No.   CV 17-03828-PHX-JAT (DMF)

**ORDER**

On October 19, 2017, Plaintiff Cary VanDerMeulen, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis.  In a January 25, 2018 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to comply with Rule 8 of the Federal Rules of Civil Procedure.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 23, 2018, Plaintiff filed his First Amended Complaint (Doc. 6).  Plaintiff has also filed a Motion for Service (Doc. 5).  The Court will deny the motion, and dismiss the First Amended Complaint with leave to amend.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, but because it may possibly be amended to state a claim, the Court will dismiss it with leave

1     to amend.

2     **II.    First Amended Complaint**

3         In his five-count First Amended Complaint, Plaintiff names as Defendants:

4   Arizona Department of Corrections (ADC) Director Charles L. Ryan; ADC Facility

5   Health Administrator (FHA) Deborah Kinder; ADC Chaplain Herman; ADC Captain

6   Paul Martell; ADC Food Services Coordinator Alex Ruiz; Warden Meegan Muse;

7   Corizon Health Services (Corizon); FHA William Brunhofer; and Correctional Officer

8   (CO) III Lomeli.[1]  Plaintiff seeks monetary relief, and punitive damages.

9         Plaintiff styles Count One as a basic necessities claim.  Plaintiff alleges that upon

10   his admission to the ADC, he informed a doctor that he did not eat meat.  The doctor told

11   him that "diets were a 'religious' matter," so Plaintiff requested to see a chaplain.

12   Plaintiff eventually met with Herman, who "requested the religious grounds" for

13   Plaintiff's diet.  Plaintiff alleges that Herman took 30 days to respond, and that Plaintiff

14   had to repeat his request two additional times.  It is not clear whether Herman ever

15   approved or denied Plaintiff's requests,[2] though Plaintiff alleges that "in the interim" his

16   diet needs were not met.  Plaintiff further alleges that the assistant deputy warden

17   permitted Plaintiff to receive his requested diet while he was on the Gila Yard by

---

18

19       [1] Plaintiff indicates that Ryan, Kinder, Herman, Martell, Ruiz, and Muse are sued
in both their individual and official capacities.  A suit against a defendant in his or her
20   *individual* capacity seeks to impose personal liability upon the official.  *Kentucky v.
Graham*, 473 U.S. 159, 165-66 (1985).  For a person to be liable in his or her individual
21   capacity, "[a] plaintiff must allege facts, not simply conclusions, that show that the
individual was personally involved in the deprivation of his civil rights."  *Barren v.
22   Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  By comparison, a suit against a
defendant in his or her *official* capacity represents only another way of pleading an action
23   against the entity that employs the defendant.  *Kentucky*, 473 U.S. at 165.  That is, the
real party in interest is not the named defendant, but the entity that employs the
24   defendant.  *Id.*  To bring a claim against an individual in his official capacity, a plaintiff
must show that the constitutional deprivation resulted from the entity's policy, custom, or
25   practice.  *Id.*; *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).
Although Plaintiff has named these defendants in both their individual and official
26   capacities, Plaintiff's allegations fail to plausibly show that any policy, practice, or
custom of any entity has resulted in his alleged injuries.  Accordingly, the Court will
27   construe Plaintiff's claims as directed against the Defendants in their *individual*
capacities only, and evaluate them accordingly.

28       [2] Plaintiff alleges later in his First Amended Complaint that he "was (eventually)
granted a 'religious' diet."  (Doc. 6 at 15).

directing Ruiz to put Plaintiff on the "dietary list" temporarily. However, after Plaintiff was moved off of the Gila Yard, Ruiz rescinded Plaintiff's placement on the dietary list. Plaintiff also alleges that Ruiz "denied [Plaintiff] food" on another occasion when Plaintiff was given a "vegan regimen" when he was supposed to have been given a "vegetarian" regimen. Additionally, Plaintiff alleges that Ryan "received a certified letter" — apparently from Plaintiff's wife — "as to the dietary needs of a person in his charge," but "refused to provide for a proper/adequate diet"; that Muse "received [a] formal complaint regarding a person in her charge not receiving proper adequate nutrition"; and that "numerous grievances and administrative appeals" were filed.

Plaintiff styles Count Two as a medical care claim. Plaintiff alleges that he had a "valid prescription" at the time he entered the ADC system. However, "[u]pon seeing a doctor at [ASPC-Alhambra]," the prescription was taken and not returned or replaced. Plaintiff also alleges that he had "maintained a diet for a number of years" before his confinement in ADC custody. The diet did not include meat "in order to preclude medical conditions" such as coronary inflammation and high cholesterol. Plaintiff states that he informed "ADOC" that he would not eat meat, and was told in return that "unless a condition was 'life threatening,' nothing would be done to treat such a condition"; high blood pressure was given as one example of a condition. Plaintiff had "a number of communications" with Kinder about being prescribed a no-meat diet, but, after "lab tests" indicated that Plaintiff's condition was "normal," Kinder denied Plaintiff's request for a no-meat medical diet. Plaintiff also alleges that Brunhofer "was written contesting the decision of [Kinder]," but Brunhofer apparently upheld the denial "on the basis of ADC policy that diets were the providence of religious services." Plaintiff further alleges that Kinder failed to place the results of "medical tests" in Plaintiff's medical records, that ADC has failed to comply with certain requirements of the settlement in *Parsons v. Ryan*, 2:12-CV-00601-PHX-DKD (D. Ariz. 2012), and that he did not receive adequate dental care.

Plaintiff styles Count Three as a First Amendment free exercise of religion claim.

Plaintiff alleges that Herman "had the audacity to question the exercise of a religious belief," namely Plaintiff's request that he receive "proper sustenance." Plaintiff provided Herman with "scriptural references" that apparently supported Plaintiff's refusal to smoke, drink, or "eat food which makes [him] 'sick.'" Herman apparently determined "that such beliefs were not 'firmly held,'" and "failed to respond or answer the inquiries put to him."

Plaintiff styles Count Four as an access to the courts claim, but makes no allegations against any named Defendant.

Plaintiff styles Count Five as a retaliation claim. Although somewhat verbose and unclear, Plaintiff alleges that he "took the same tray of food offered to all inmates," which was apparently different than the dietary tray he was supposed to receive. Plaintiff was charged with a "major" disciplinary violation as a result. Plaintiff apparently contested the charge, but Martell — the disciplinary hearing officer — "developed an attitude," refused to consider certain evidence, and eventually "told [Plaintiff] to 'gather [his] papers and get out.'" Plaintiff alleges that Martell "violated ADOC policy in not providing for a fair, impartial hearing." Plaintiff also alleges that Martell was "aided and abetted" by Lomeli, who allegedly "falsified documents" and made "false statements" that were "very incendiary" and "may have led to reprisals on the part of a person or person(s) who had already proven themselves to be unscrupulous in their actions." Plaintiff states that at the conclusion of the disciplinary hearing, Plaintiff lost good time credit, which prolonged his eventual release.

Plaintiff has also filed an "Addendum" to his First Amended Complaint in which he alleges that that ADC is a "racket," that Ruiz oversaw the "serving of 'tainted' food," and that ADC is not in compliance with the settlement in *Parsons*. Plaintiff does not specify whether he seeks any relief for the allegations in the "Addendum."

….

….

### III.     Failure to State a Claim

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived him of federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

#### A.     *Parsons v. Ryan*

As explained in the Court's January 25 Order, Plaintiff may not enforce the settlement or decrees entered in *Parsons* in a separate civil rights action. *See Cagle v. Sutherland*, 334 F.3d 980, 986 (11th Cir. 2003); *Klein v. Zavaras*, 80 F.3d 432, 435 (10th Cir. 1996); *DeGidio v. Pung*, 920 F.2d 525, 534 (8th Cir.1990); *Green v. McKaskle*, 788 F.2d 1116, 1122-23 (5th Cir. 1986). Standing alone, remedial orders and settlement terms, such as those entered in *Parsons*, cannot serve as a substantive basis for a § 1983 claim for damages because they do not create "rights, privileges, or immunities secured by the Constitution and laws." *Green*, 788 F.3d at 1123-24. Rather, settlements and remedial decrees are the means by which unconstitutional conditions are corrected. *Id.* at 1123. For these reasons, Plaintiff may not properly seek § 1983 relief to enforce *Parsons* in this action and he fails to state a claim to the extent that he seeks relief pursuant to *Parsons*.

….

….

**B.    Corizon**

Plaintiff makes no particular allegations against Corizon beyond noting that Corizon is the "supplier of medical staff used by both the county and state" and employed Kinder and "perhaps" Brunhofer.  Accordingly, Plaintiff has failed to state a claim against Corizon, and Corizon will thus be dismissed.

**C.    Count One**

To state an Eighth Amendment conditions-of-confinement claim, plaintiffs must meet a two-part test.  "First, the alleged constitutional deprivation must be, objectively, sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Here, Plaintiff has failed to state a claim.  Plaintiff's allegation that Herman "requested the religious grounds" for Plaintiff's diet request does not support that Herman was deliberately indifferent to Plaintiff's dietary demands.  Plaintiff's allegations that he was not provided a proper diet "in the interim" while Herman evaluated his request does not support that Herman was deliberately indifferent to Plaintiff's needs.  Nor has Plaintiff alleged facts to support that Herman denied or delayed plaintiff's dietary request in order to harm Plaintiff.

As to Ruiz, Plaintiff also fails to state a claim.  Plaintiff makes no allegation that Ruiz's decision to "rescind" Plaintiff's "temporar[y]" placement on the diet list while on the Gila Yard was made with the intent to harm Plaintiff.  Nor does Plaintiff allege that

Ruiz was aware that Plaintiff was supposed to have received a "vegan regimen" rather than a "vegetarian regimen," or that Ruiz somehow provided the vegan regimen in order to harm Plaintiff.

Finally, Plaintiff's allegations against Ryan and Muse are far too vague to support a cause of action in Count One. Plaintiff does not describe what information he provided them with, what their response (if any) was, or why it should be considered deliberately indifferent. Accordingly, for all these reasons, Plaintiff has failed to state a claim in Count One, and it will thus be dismissed.

### D.    Count Two

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth or Fourteenth Amendment. To state a § 1983 medical claim, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor

gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Here, Plaintiff has failed to allege facts sufficient to support that Kinder was deliberately indifferent to Plaintiff's medical needs. Plaintiff alleges that "blood work" indicated that Plaintiff was "normal," and, based on these results, Kinder declined to order a medical diet for Plaintiff. At most, Plaintiff's allegations amount to a difference of opinion, which, as described above, is insufficient to support an Eighth Amendment medical care claim. Accordingly, Plaintiff has failed to state a claim against Kinder in Count Two.[3]

As to Brunhofer, Plaintiff's allegations are far too vague to support a cause of action. Plaintiff's lone allegation that Brunhofer "denied a diet on the basis of ADOC policy" is insufficient to support that Brunhofer was deliberately indifferent to Plaintiff's medical needs, or, indeed, whether Brunhofer was even aware of Plaintiff's purported medical needs. Accordingly, Plaintiff has failed to state a claim against Brunhofer in Count Two.

Plaintiff's additional allegations that he did not receive adequate dental care are not directed at any named Defendant, and, as discussed previously, his allegations that ADC has not complied with *Parsons* do not create a basis for liability in a § 1983 suit.

---

[3] To the extent Plaintiff also alleges that Kinder failed to place the above-mentioned lab tests in Plaintiff's medical records, Plaintiff has failed to explain how he was injured as a result, and has therefore failed to state a claim.

1    Accordingly, for all of these reasons, Plaintiff has failed to state a claim in Count Two,

2    and it will thus be dismissed.

3         **E.      Count Three**

4         "Inmates clearly retain protections afforded by the First Amendment, including its

5    directive that no law shall prohibit the free exercise of religion."  *O'Lone v. Estate of*

6    *Shabazz*, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).  However,

7    free exercise rights are "necessarily limited by the fact of incarceration, and may be

8    curtailed in order to achieve legitimate correctional goals or to maintain prison security."

9    *Id.*  To state a First Amendment free exercise claim, a plaintiff must allege that a

10   defendant substantially burdened his religious practice without a justification reasonably-

11   related to legitimate penological interests.  *Shakur v. Schriro*, 514 F.3d 878 (9th Cir.

12   2008); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994); *Warsoldier v. Woodford*, 418

13   F.3d 989, 995 (9th Cir. 2005) (citing *Thomas v. Review Bd. of the Ind. Employment Sec.*

14   *Div.*, 450 U.S. 707, 717-18 (1981) (pressure on exercise must be substantial)); *Canell v.*

15   *Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (same).  The religious practice or exercise

16   at issue must be rooted in sincerely-held religious belief and not in "'purely secular'

17   philosophical concerns."  *Malik*, 16 F.3d at 333 (internal citation omitted).

18        Here, it is unclear precisely what Plaintiff's religious beliefs are, other than to not

19   smoke, drink, or "eat food which makes [him] 'sick.'"  Plaintiff also fails to describe

20   what "scriptural verses" he provided to Herman, or explain why they support his apparent

21   religious beliefs with regard to his requested diet.  As such, without additional

22   information, Plaintiff has failed to allege facts sufficient to support that Herman's

23   conclusion that Plaintiff's dietary request was not based on "firmly held" religious beliefs

24   was a violation of Plaintiff's First Amendment rights, or that Herman's conclusion was

25   not reasonably related to a legitimate penological interest.  Accordingly, Plaintiff has

26   failed to state a claim in Count Three, and it will thus be dismissed.

27        **F.      Count Four**

28        Plaintiff makes no allegations against any named Defendant in Count Four.

Accordingly, Plaintiff has failed to state a claim for which relief could be granted in Count Four, and it will thus be dismissed.

### G.    Count Five

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest").  The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

Here, Plaintiff makes no allegation that he was engaged in constitutionally protected conduct, that the disciplinary proceedings he complains of were instigated because of Plaintiff's exercise of some constitutionally protected conduct, or that his First Amendment rights were chilled as a result.  Accordingly, Plaintiff has failed to state a First Amendment claim in Count Five.

To the extent Plaintiff may be attempting to allege a due process claim with regard to the disciplinary hearing, he has also failed to state a claim.  Assuming that whatever punishment Plaintiff received — which appears to be the loss of some amount of good time credits — was sufficiently atypical and significant to trigger Fourteenth Amendment protections,[4] procedural due process safeguards in a prison disciplinary hearing require

---

[4] **Error! Main Document Only.**In analyzing a due process claim, the Court must first decide whether Plaintiff was entitled to any process, and if so, whether he was denied any constitutionally required procedural safeguard.  Liberty interests which entitle an inmate to due process are "generally limited to freedom from restraint which, while

that the defendant receive: (1) written notice of the charges, no less than twenty-four hours prior to the hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the defendant to do so. *Wolff v. McDonnell*, 418 U.S. 539, 565-66 (1974).

Once these *Wolff* procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some facts." *Hanrahan v. Lane*, 747 F.2d 1137, 1141 (7th Cir. 1984) (citation omitted). Due process requires simply "that there be some evidence to support the findings made in the disciplinary hearing." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

Here, Plaintiff makes no allegation that he was not provided with the *Wolff* safeguards, or that there was no evidence on which to sustain the disciplinary charge.

---

not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (internal citations omitted).

Therefore, to determine whether an inmate is entitled to the procedural protections afforded by the Due Process Clause, the Court must look to the particular restrictions imposed and ask whether they "'present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.'" *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin*, 515 U.S. at 486).

To determine whether the sanctions are atypical and a significant hardship, courts look to the prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996). "Atypicality" requires not merely an empirical comparison, but turns on the importance of the right taken away from the prisoner. *See Carlo v. City of Chino*, 105 F.3d 493, 499 (9th Cir. 1997). *See, e.g., Sandin*, 515 U.S. at 472 (30 days disciplinary segregation is not atypical and significant); *Torres v. Fauver*, 292 F.3d 141, 151 (3rd Cir. 2002) (four months in administrative segregation is not atypical and significant); *Jacks v. Crabtree*, 114 F.3d 983 (9th Cir. 1997) (denial of year sentence reduction is not an atypical and significant hardship); *Jones v. Baker*, 155 F.3d 810 (6th Cir. 1998) (two and one-half years of administrative segregation is not atypical and significant); *Griffin v. Vaughn*, 112 F.3d 703, 706-708 (3rd Cir. 1997) (fifteen months administrative segregation is not atypical and significant); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (six months of confinement in especially disgusting conditions that were "more burdensome than those imposed on the general prison population were not "atypical ... in relation to the ordinary incidents of prison life.").

Accordingly, whether brought as a First Amendment retaliation claim or a Fourteenth Amendment due process claim, Plaintiff has failed to state a claim in Count Five, and it will thus be dismissed.

### H.    Addendum

As mentioned previously, Plaintiff makes no indication whether the "Addendum" to his First Amended Complaint is intended to provided additional bases for relief, or, if so, what injuries he has suffered as a result of the actions complained of in the addendum. Because a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled, *Ivey*, 673 F.2d at 268, Plaintiff has failed to state a claim for which relief could be granted in the Addendum, and it will thus be dismissed.

## IV.    Leave to Amend

Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or

was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

## V.    Motion

Plaintiff's Motion for Service is premature. As discussed above, the Court will deny the First Amended Complaint with leave to amend. If and when Plaintiff files a second amended complaint that sufficiently states a claim against a Defendant or Defendants, the Court will order service on those Defendants. Until that time, any attempt to serve Defendants is premature. Accordingly, the Court will deny Plaintiff's Motion for Service as premature.

## VI.    Warnings

### A.    Address Changes

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

. . . .

**B.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     The First Amended Complaint (Doc. 6) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g) and deny any pending unrelated motions as moot.

(3)     Plaintiff's Motion for Service (Doc. 5) is **denied** as premature.

(4)     The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 30th day of May, 2018.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

7.   Change of Address.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   Certificate of Service.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
     A certificate of service should be in the following form:

     I hereby certify that a copy of the foregoing document was mailed
     this _____ (month, day, year) to:
     Name:     _____
     Address:_____
                    Attorney for Defendant(s)

     _____
     (Signature)

9.   Amended Complaint.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   Exhibits.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   Letters and Motions.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12. <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1. <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2. <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3. <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1. <u>Nature of Suit</u>. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2. <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3. <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.  Counts.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2.  Issue Involved.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3.  Supporting Facts.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4.  Injury.  State precisely how you were injured by the alleged violation of your rights.

5.  Administrative Remedies.  You must exhaust any available administrative remedies before you file a civil rights complaint.  *See* 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. _____
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
   ☐ Other: _____.

2. Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.    Name of first Defendant: _____.  The first Defendant is employed
as: _____at_____.
<span style="font-size:small">(Position and Title)</span>                                         <span style="font-size:small">(Institution)</span>

2.    Name of second Defendant: _____.  The second Defendant is employed as:
as: _____at_____.
<span style="font-size:small">(Position and Title)</span>                                         <span style="font-size:small">(Institution)</span>

3.    Name of third Defendant: _____.  The third Defendant is employed
as: _____at_____.
<span style="font-size:small">(Position and Title)</span>                                         <span style="font-size:small">(Institution)</span>

4.    Name of fourth Defendant: _____.  The fourth Defendant is employed
as: _____at_____.
<span style="font-size:small">(Position and Title)</span>                                         <span style="font-size:small">(Institution)</span>

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.    Have you filed any other lawsuits while you were a prisoner?          ☐ Yes          ☐ No

2.    If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

    a.   First prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    b.   Second prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

    c.   Third prior lawsuit:
       1.   Parties: _____ v. _____
       2.   Court and case number: _____.
       3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D. CAUSE OF ACTION

## COUNT I

1.  State the constitutional or other federal civil right that was violated: _____
_____ .

2.  **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities     ☐ Mail     ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property     ☐ Exercise of religion     ☐ Retaliation
    ☐ Excessive force by an officer     ☐ Threat to safety     ☐ Other: _____ .

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____ .

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count I?     ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count I to the highest level?     ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____ .

## COUNT II

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety      ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count II?      ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?      ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.  State the constitutional or other federal civil right that was violated: _____
_____.

2.  **Count III.** Identify the issue involved. Check **only one**. State additional issues in separate counts.
    ☐ Basic necessities ☐ Mail ☐ Access to the court ☐ Medical care
    ☐ Disciplinary proceedings ☐ Property ☐ Exercise of religion ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Count III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
    b.  Did you submit a request for administrative relief on Count III? ☐ Yes ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level? ☐ Yes ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                         DATE                                      SIGNATURE OF PLAINTIFF




_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.