ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cary VanDerMeulen, | No. CV 17-03828-PHX-JAT (DMF) |
| Plaintiff, | |
| v. | **ORDER** |
| Charles L. Ryan, et al., | |
| Defendants. | |

On October 19, 2017, Plaintiff Cary VanDerMeulen, who is not in custody, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 25, 2018 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 23, 2018, Plaintiff filed his First Amended Complaint. In a May 30, 2018 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On June 29, 2018, Plaintiff filed a Second Amended Complaint (Doc. 8). Plaintiff has also filed a "Motion for Extension of Time to Obtain Counsel" (Doc. 9). The Court will dismiss the Second Amended Complaint and this action, and deny the Motion as

moot.

## I. Statutory Screening of Prisoner Complaints

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the Court

> shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less

stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     Second Amended Complaint

As with his previous Complaint, Plaintiff names as Defendants: Arizona Department of Corrections (ADC) Director Charles L. Ryan; ADC Facility Health Administrator (FHA) Deborah Kinder; ADC Chaplain Herman; ADC Captain Paul Martell; ADC Food Services Coordinator Alex Ruiz; Warden Meegan Muse; Corizon Health Services (Corizon); FHA William Brunhofer; and Correctional Officer III Lomeli. Plaintiff seeks monetary relief, and punitive damages.

## III.    Failure to State a Claim

Despite the Court's prior Order dismissing Plaintiff's First Amended Complaint and providing Plaintiff with the opportunity to amend his filing to correct the deficiencies in that complaint, Plaintiff has, essentially, resubmitted his First Amended Complaint. Large portions of the Second Amended Complaint are restated verbatim from his First Amended Complaint, and the only changes Plaintiff has made are minor stylistic and formatting changes.  Plaintiff has alleged no new facts to support how any of the named Defendants have violated his rights; what new allegations he has made are either not directed at any particular Defendant, or take issue only with a Defendant's "attitude."  As such, for the same reasons as those set forth in the Court's May 30 Order, the Second Amended Complaint will be dismissed.

## IV.     Dismissal without Leave to Amend

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 8) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) Plaintiff's "Motion for Extension of Time to Obtain Counsel" (Doc. 9) is **denied as moot**.

(3) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 12th day of October, 2018.

James A. Teilborg
Senior United States District Judge